ROBERT W. FREEMAN
Nevada Bar No. 3062
Robert.Freeman@lewisbrisbois.com
CHERYL A. GRAMES
Nevada Bar No. 12752
Cheryl.Grames@lewisbrisbois.com
BENJAMIN J. DOYLE
Nevada Bar No. 15210
Benjamin.Doyle@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH** LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789
*Attorneys for State Farm Mutual Automobile Insurance Company*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA, SOUTHERN DIVISION

***

| | |
|---|---|
| LAURA HIGGINS, <br><br> Plaintiff, <br><br> vs. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation; TYCE GUMMOW, an individual; KATIE KING, an individual; DAVID FLETCHER, an individual; DOE STATE FARM EMPLOYEE, an individual; DOE INDIVIDUALS I-X, inclusive; and ROE CORPORATIONS I-X, inclusive, <br><br> Defendants. | CASE NO.: <br><br> **DEFENDANTS' PETITION FOR REMOVAL UNDER 28 U.S.C. § 1441(b)** <br><br> **(Diversity Jurisdiction)** |

DEFENDANTS STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State Farm"), TYCE GUMMOW ("Mr. Gummow"), KATIE KING ("Ms. King"), and DAVID FLETCHER ("Fletcher") (collectively, the "Defendants") by and through their counsel of record, the law firm of LEWIS BRISBOIS BISGAARD & SMITH LLP, hereby file this Petition for Removal of Clark County District Court Case No. A-22-849030-C styled *Laura Higgins v. State Farm Mutual Automobile Insurance Company, et al.*, to the United States District Court, for the District of Nevada, and state as follows:

4882-1252-6873.1

1. On March 1, 2022, Plaintiff commenced an action in the Eighth Judicial District Court of Clark County, Nevada, entitled *Laura Higgins v. State Farm Mutual Automobile Insurance Company, et al.* Case No. A-22-849030-C (the "State Court Action"). The Complaint in the State Court Action is attached hereto as **Exhibit A**.

2. On March 4, 2022, Plaintiff caused to be served a Summons and her Complaint upon the Office of the Nevada Commissioner of Insurance in accordance with NRS 680A.260. On March 7, 2022, the Office of the Nevada Commissioner of Insurance mailed a copy of the Summons and Complaint, by certified mail, to State Farm, along with a copy of the proof of service. According to NRS 686A.260, service of process is complete upon mailing of the Summons and Complaint by the Commissioner of Insurance. Copies of the Summons and Proof of Service are attached hereto and marked respectively as **Exhibits B and C**.

3. On March 5, 2022, Plaintiff caused to be personally served a Summons and her Complaint on Defendant Gummow at his residence in Washington State. A copy of the Affidavit of Service on Defendant Gummow is attached hereto as **Exhibit D**.

4. On March 31, 2022, counsel for Defendant King accepted service on Ms. King's behalf. A copy of the Acceptance is attached hereto as **Exhibit E**. On April 1, 2022, Defendant King executed a Declaration that she resides in Multnomah County, Oregon, and has done so at all times relevant to this litigation. A copy of this Declaration is attached hereto as **Exhibit F**.

5. On March 30, 2022, counsel for Defendant Fletcher accepted service on Mr. Fletcher's behalf. A copy of the Acceptance is attached hereto as **Exhibit G**. On April 1, 2022, Defendant Fletcher executed a Declaration that he resides in Pierce County, Washington, and has done so at all times relevant to this litigation. A copy of this Declaration is attached hereto as **Exhibit H**.

6. Removal is timely pursuant to 28 U.S.C. § 1441(b)(3).

7. Venue is appropriate in the unofficial Southern Division of the Court pursuant to 28 U.S.C. §§ 1931(b)(2) and (c), 1441(b), and LR IA 1-6.

8. In the State Court Action, the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff contends that she "made a demand to State Farm for the

policy limits…based on injuries, recommended future treatment, and damages that at the time amounted to $384,931.32." **Ex. A** at ¶ 21.  According to the Complaint, Defendants failed to meet their contractual obligations to Plaintiff related to a claim she made under a State Farm policy that provided Ms. Higgins with underinsured motorist insurance ("UIM") coverage.  **Id.** at ¶¶ 56-60.  Specifically, Plaintiff alleges, *inter alia*, that Defendants breached the subject UIM policy by failing to "reasonably and promptly evaluate…and timely pay benefits under the underinsured/uninsured portion of the subject policy, thereby breaching its contractual duty."  **Id.** at ¶ 60.  Plaintiff further alleges that Defendants acted in bad faith "by repeatedly and continuously failing and refusing to pay to the Plaintiff the sum of money due and owing to Plaintiff under the above-described policy of insurance."  **Id.** at ¶ 70.  Plaintiff further alleges statutory violations of the Unfair Claims Practices Act.  **Id.** at ¶ 78.  Lastly, Plaintiff alleges State Farm has been unjustly enriched by "retaining amounts it was required to pay pursuant to the contractual agreement."  **Id.** at ¶ 90.

Plaintiff seeks an award of her UM/UIM policy limits of $50,000 for alleged damages after she suffered "significant injuries as a result of this motor vehicle accident."  **Id.** at ¶ 13.  Plaintiff alleges she made multiple demands for the policy limits of $50,000 to State Farm because her medical expenses, past and future, caused the total exposure to exceed the policy limits.  **Id.** at ¶¶ 21 and 38.  In addition to her medical specials, she seeks compensation for pain and suffering and emotional distress.  **Id.** at ¶ 21 and 72.  Plaintiff also seeks compensation for lost earnings and earning capacity, attorney's fees and costs of suit, interest, and punitive damages.  **Id.** at 13:1-5.

The Court may consider any request for punitive damages and attorneys' fees. *Manthei v. Northwestern Mut. Life Ins. Co.*, Case No. 2:13-cv-1218-APG-NJK, 2014 U.S. Dist. LEXIS 15714, 5-6 (D. Nev. Feb. 6, 2014). As noted by the *Manthei* Court, Nevada law does not cap punitive damages in bad faith insurance claims,[1] except as limited by constitutional due process.

---

[1] Although NRS 42.005(1) would limit punitive damages to $300,000, if Plaintiff is awarded less than $100,000 in compensatory damages, NRS 42.005(2)(b) removes this limit in a bad faith case against an insurer. There are several cases analogous to this one in which a jury verdict of punitive damages support a finding in this case that Plaintiff's claimed damage amounts could exceed
(footnote continued)

4882-1252-6873.1                                      3

*Id.* Thus, Plaintiff's claim for punitive or exemplary damages should be taken into account in calculating the amount in controversy.

A defendant's duty is not to prove by a preponderance of the evidence that a plaintiff is likely to recover an amount in excess of the threshold. Rather, the jurisdictional minimum in diversity cases is determined by the amount at stake to either party. *Hamrick v. REO Props. Corp.*, Case No. 3:09-cv-714-RCJ-(RAM), 2010 U.S. Dist. LEXIS 85073 (D. Nev. July 15, 2010). In other words, the amount in controversy is satisfied if a plaintiff's potential gain exceeds the jurisdictional limit. *Id.* The pertinent question the Court is to ask is whether a plaintiff is likely to ask a jury for an amount above $75,000.00. *Canonico v. Seals*, Case No. 2:13-cv-316-RCJ-NJK, 2013 U.S. Dist. LEXIS 60047 (D. Nev. Apr. 25, 2013). As such, the appropriate figure to use in determining whether State Farm has presented adequate evidence to establish the amount in controversy is <u>not</u> the probable amount that Plaintiff will recover, but rather the total potential value of Plaintiff's claims considering all of the allegations and all the asserted damages. If State Farm can show by a preponderance of evidence that (1) Plaintiff is likely to ask from the jury an amount over the jurisdictional threshold, <u>or</u> (2) were a jury to award Plaintiffs a full recovery, that award would be over the jurisdictional threshold, then jurisdiction in federal court should remain.

Here, Plaintiff expressly alleges that her damages total anywhere between $202,940.34 and $384,931.32 or more. **Ex. A** at ¶¶ 21, 25, and 38. Plaintiff alleges she seeks not only her contract benefits of $50,000 (**Id.** at ¶ 62), but also "consequential damages, including attorney's fees" (**Id.** at 12:28). Thus, Plaintiff seeks the entirety of her contract benefits of $50,000 and consequential damages arising from State Farm's alleged breach of contract. Furthermore, as set forth above, when combining Plaintiff's identified damages under four claims for relief, plus punitive damages

---

$75,000. *See Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (U.S. 1991) (affirming nearly $1 million punitive damages award over insurer's mishandling of $4,000 medical claim); *Banker's Life & Cas. Co. v. Crenshaw*, 486 U.S. 71 (U.S. 1988) (affirming punitive damages award of $1.6 million arising out of insurer's failure to pay a $20,000 medical claim). *Julie Gourley v. State Farm Mut. Ins. Co.*, 1987 Nat. Jury Verdict Review LEXIS 622 (Cal. 1987) (awarding $1.5 million punitive damages award over insurer's mishandling of a $15,000 medical claim); *Fortimil Pierre-Louis v. Colonial Ins. Co.*, 1989 FL Jury Verdicts Rptr. LEXIS 2862 (Fla. 1989) (awarding $1 million in punitive damages based on the denial of a $2,500 medical claim).

1 and attorney's fees, the amount in controversy reflects an amount well in excess of the jurisdictional threshold.

2. 9. Defendants are informed and believe that Plaintiff was, at the time of filing of the State Court Action, and still is, a resident of Clark County, Nevada. **Ex. A** at ¶ 1. Defendant State Farm was at the time of the filing of the State Court Action, and still is, incorporated under the laws of the State of Illinois and has its principal place of business in the State of Illinois. Defendants Gummow and Fletcher reside in Washington State and did so at the time Plaintiff filed the State Court Action. Defendant King resides in Oregon and did so at the time Plaintiff filed the State Court Action.

10. Based on the foregoing, State Farm respectfully submits that (a) there is diversity of citizenship between the parties and (b) the amount in controversy exceeds $75,000.00. This action is, therefore, properly removed to the United States District Court for the District of Nevada.

## LIST OF EXHIBITS

EXHIBIT A:  Complaint

EXHIBIT B:  Summons

EXHIBIT C:  Proof of Service on State Farm

EXHIBIT D:  Affidavit of Service on Defendant Gummow

EXHIBIT E:  Acceptance of Service for Defendant King

EXHIBIT F:  Declaration of Defendant King

EXHIBIT G:  Acceptance of Service for Defendant Fletcher

…

EXHIBIT H: Declaration of Defendant Fletcher

DATED this 1st day of April, 2022.

                LEWIS BRISBOIS BISGAARD & SMITH LLP

By    */s/ Cheryl A. Grames*
ROBERT W. FREEMAN
Nevada Bar No. 3062
CHERYL A. GRAMES
Nevada Bar No. 12752
BENJAMIN J. DOYLE
Nevada Bar No. 15210
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the **1st** day of **April**, 2022, I electronically filed the foregoing **DEFENDANTS' PETITION FOR REMOVAL UNDER 28 U.S.C. § 1441(b)** with the Clerk of the Court through Case Management/Electronic Filing System.

JONATHAN B. LEE, ESQ.
RICHARD HARRIS LAW FIRM
801 South Fourth Street
Las Vegas, Nevada 89101
Phone: 702-444-4444
jlee@richardharrislaw.com
*Attorney for Plaintiff*

By  /s/ Anne Cordell
An Employee of LEWIS BRISBOIS BISGAARD & SMITH LLP